Eastern District of Kentucky
F I L E D

OCT 0 3 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

NORTHERN DIVISION

ASHLAND

**Civil Action No. 19-31-HRW**

**LOREY LOWE,**                                                      **PLAINTIFF,**


**v.**                      **MEMORANDUM OPINION AND ORDER**


**THE LINCOLN NATIONAL LIFE**

**INSURANCE COMPANY,**

**and**

**LINCOLN NATIONAL CORPORATION,**                          **DEFENDANTS.**


This matter is before the Court upon Defendants The Lincoln Life Insurance Company

and Lincoln National Corporation's Motion to Dismiss, or in the Alternative, Motion for

Summary Judgment [Docket No. 8]. The matter has been fully briefed by the parties [Docket

Nos. 10 and 13]. The for the reasons stated herein, the Court finds that the Complaint fails to

state a claim upon which relief can be granted.

**I.**

This case arises for a dispute regarding benefits under a group long term disability policy

issued by Defendant The Lincoln National Life Insurance Company ("Lincoln") to Plaintiff's

employer, Diversicare Healthcare Services, Inc. Lincoln issued the policy to Diversicare to fund

1

benefits under its employee welfare benefit plan. [Docket No. 1-1, Declaration of Thomas J. Vargo].

In May 2016, while employed by Diversicare, Plaintiff suffered a stroke and was unable to work. [Amended Complaint, Docket No. 7, ¶ ¶ 7-8]. Lincoln first awarded benefits under the subject plan from November 6, 2016 to June 6, 2017. [Docket No. 8-1, ¶ 6]. Lincoln originally denied Plaintiff's requests for benefits beyond June of 2017. [Amended Complaint, Docket No. 7, ¶ 12]. Plaintiff appealed. *Id.* at ¶ 13. Following the appeal and submission of additional records, Lincoln paid benefits to Plaintiff for the period June 6, 2017 to December 31, 2017. [Docket No. 8-1, ¶ 7].

While an additional appeal was pending, Plaintiff filed this lawsuit against Lincoln, alleging negligence (Count I), negligent infliction of emotional distress (Count II), outrage (Count III), fraudulent misrepresentation (Count IV), violations of Kentucky's Consumer Protection Act, KRS §367.170 (Count V).

Following the aforementioned appeal and review, Lincoln issued a favorable determination on April 22, 2019. *Id.* at, ¶ 8. It appears from the record that Plaintiff continues to receive monthly disability benefits from Lincoln.

About two weeks later, Plaintiff Amended her Complaint to include allegations of bad faith (Count VI) and violations of Kentucky's Unfair Claims Settlement Practices Act, KRS §304.12-230. [Docket No. 7].

Defendants seeks dismissal of all claims alleged herein, arguing that they are pre-empted by the Employee Retirement Income Security Act, 26 U.S.C. § 219, *et seq.*

## II.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that

fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit

a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything

alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To survive a

motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right

to relief above the speculative level on the assumption that all the allegations in the complaint are

true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.

2007) (citing *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007) ). "[A] plaintiff's obligation

to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court must

determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to

offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making

this determination, the Court must construe the complaint in the light most favorable to plaintiff

and accept as true all well-pleaded factual allegations. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th

Cir. 1999).

## III.

The parties do not dispute that this case is governed by the Employee Retirement Income

Security Act ("ERISA"). The Policy referenced in Plaintiff's Amended Complaint is a group

long term disability insurance policy issued by Lincoln to Diversicare, Plaintiff's employer.

Lincoln issued the Policy to Plaintiff's employer to fund benefits under Diversicare's employee

welfare benefit plan. The Plan is an "employee welfare benefit plan" governed by ERISA

because it is funded by Diversicare and was for the purpose of providing benefits to its employees. 29 U.S.C. § 1002(1).

Defendant argues that because the Plan is governed by ERISA, Plaintiff's claims are preempted and must be dismissed.

The ERISA preemption provision provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ..." 29 U.S.C. § 1144(a). Section 502(a)(1)(B) of ERISA provides that "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." 29 U.S.C. § 1132(a)(1)(B).

A key inquiry in determining if a plaintiff's cause of action in completely preempted by § 502(a)(1)(B) is whether the cause of action is based on the terms of the "ERISA-regulated employee benefit plan" itself, as opposed to an independent legal duty. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also Briscoe v. Fine*, 444 F.3d 478, 499 (6th Cir. 2006) (finding complete preemption because "[a]ny duty to disclose the financial condition of the plan that the [defendant] might have owed to the plan beneficiaries arose not out of an independent source of law, but out of the existence and nature of the [ERISA] plan itself ..."). Section 502(a)(1)(B) of ERISA provides that "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." 29 U.S.C. § 1132(a)(1)(B).

When the decision to award benefits under an ERISA benefit plan is a necessary element of a plaintiff's state law cause of action, that cause of action does not present a legal duty

4

independent of those imposed by ERISA, and it is therefore completely preempted by §

502(a)(1)(B). *See Davila,* 542 U.S. at 213.   ERISA preempts state laws when they "relate to"

matters governed by ERISA.  *Warner v. Ford Motor Co.*, 46 F.3d 531, 534-535 (6ᵗʰ Cir. 1995).

Plaintiff alleges a panoply of state law claims, to-wit, negligence, negligent infliction of

emotional distress, outrage, fraudulent misrepresentation, bad faith and violations of Kentucky's

Consumer Protection Act and Unfair Claims Settlement Practices Act. All are preempted.

The United States Supreme Court has held that common law claims for breach of

contract, fraud, bad faith and breach of fiduciary duties based on alleged improper processing of

claims under an ERISA plan are preempted. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48

(1987). The Sixth Circuit has also held that state law claims including breach of contract,

insurance bad faith, misrepresentation, conversion, negligence, violations of the Consumer

Protection Act, and retaliation are preempted by ERISA. *See Smith v. Provident Bank,* 170 F.3d

609, 613-617 (6th Cir.1999) (ERISA preempts common law claims for breach of contract, bad

faith, misrepresentation, conversion, and negligence claims if they relate to employee benefit

plan); *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941-43 (6th Cir.1995)(ERISA preempts

claims for wrongful death, breach of contract, and insurance bad faith because the claims related

to an ERISA plan); *Schachner v. Blue Cross and Blue Shield of Ohio,* 77 F.3d 889, 896-98 (6th

Cir.1996)(ERISA preempts state common law tort claim for an insurer's bad faith breach of

obligation to pay).

Plaintiff's Kentucky Unfair Claims Settlement Practices Act and Kentucky

Consumer Protection Act claims are also preempted. *See Howard v. Prudential Ins. Co. of

Am.,* 248 F. Supp. 3d 862, 867 (W.D. Ky. 2017) (dismissing KUCSPA claim as preempted);

*Hanshaw v. Life Insurance Co. of North America*, No. 3:14-CV-00216-JHM, 2014 WL 5439253,

at *5 (W.D. Ky. Oct. 24, 2014); *Curry v. Cincinnati Equitable Ins. Co.*, 834 S.W.2d 701, 706 (Ky. Ct. App. 1992) (dismissing KUCSPA claims as preempted).

Finally, Plaintiff's infliction of emotional distress and outrage claims are preempted by ERISA. *See Tassinare v. American National Insurance Co.*, 32 F.3d 220, 224–25 (6th Cir. 1994) (finding intentional infliction of emotional distress claim preempted by ERISA).

Plaintiff maintains that her claims are beyond ERISA's purview because she asserts violations of duties that are not related to ERISA or the Plan under which she receives benefits. In support of her assertion, Plaintiff cites a single Sixth Circuit case, *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469 (6th Cir. 2014). The alleged wrongdoing in that case, however, did not involve the handling of a claim under a plan governed by ERISA. By contrast, in *McCarthy*, the Plaintiff sought to retire after learning that her employer, which also served as the plan administrator of a retirement plan governed by ERISA, had terminated her position. *McCarthy*, 763 F.3d at 473. The plaintiff in *McCarthy* was asserting claims against her employer and ERISA retirement plan administrator to recover damages she incurred in reliance on her employer's representations. *Id.* at 473.

However, in this case, each of Plaintiff's claims are based upon Lincoln's allegedly wrongful denial of benefits. Indeed, Plaintiff herself describes her claims as arising from Lincoln's "rejection of [her] claim." [Amended Complaint, Docket No. 7, ¶ 26.]. She alleges, "Defendants breached this duty by referencing a fabricated organization and relying upon that organization's made-up 'guidelines' in *denying Plaintiff her appeal.*" *Id.* at ¶ 31 (emphasis added). She further states, "Defendants knew or should have known that *denying Plaintiff her appeal* based on a made-up organization's reasoning created an unreasonable threat to her health and safety." *Id.* at ¶ 38 (emphasis added). Plaintiff also alleged, "Defendants made these

representations in order to *deny Plaintiff her Total Disability Benefits*.". *Id.* at ¶ 48 (emphasis added). She alleges that "Defendants used unfair, false, and/or deceptive

practices . . . *to deny her long-term disability claim*." *Id.* at ¶ 58 (emphasis added). She claims, "Defendant had an *obligation to pay Plaintiff's claim* under the terms of its insurance policy" and "Defendants violated KUCSPA by "*refusing to pay claims* without conducting a reasonable investigation." *Id.* at ¶¶ 60 and 65 (emphasis added).

As Plaintiff's own allegations make clear, none of Plaintiff's claims allege wrongdoing independent of Lincoln's handling of her claim. Further, Plaintiff does not allege any relationship between Defendants and Plaintiff other than through the Policy. This is an ERISA case. Plaintiff's claims fall squarely within the scope of §1132(a)(1)(B) and are preempted by ERISA.

## IV.

Accordingly, **IT IS HEREBY ORDERED** that Defendants The Lincoln Life Insurance Company and Lincoln National Corporation's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be **SUSTAINED** [Docket No. 8].

*10/3/19.*



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge